IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| EILEEN E. REDMOND, | ) CASE NO. 07-80634-G3-13 |
| Debtor, | ) |

ENTERED 04/14/2008

## MEMORANDUM OPINION

The court has held a hearing on confirmation of the Chapter 13 plan (Docket No. 2) filed by the Debtor in the above captioned case, together with the "Trustee's Motion to Dismiss" (Docket No. 27). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying without prejudice both confirmation of the plan and Trustee's motion to dismiss. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Eileen E. Redmond ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 30, 2007. William E. Heitkamp is the Chapter 13 Trustee.

Debtor filed a Chapter 13 plan on November 30, 2007. In the plan, Debtor proposes to pay to the Chapter 13 Trustee $1,080 per month for 60 months. Debtor proposes distributions of

$2,085 on account of a priority claim of Debtor's counsel. Debtor proposes distribution of $20,567, at 10.25 percent interest, to "Hsbc Auto," secured by a 2005 Dodge Ram. Debtor proposes distribution of $23,355, at 10.25 percent interest, to "Nuvell Financial," secured by a 2007 Chevy Silverado. Debtor additionally proposes distribution of $400 on a claim secured by two computers, $1,200 on a claim secured by a refrigerator, and $479.15 (which Debtor estimates represents approximately one percent) on unsecured claims. (Docket No. 2).

On March 5, 2008, Debtor filed amended schedules of income and expenses, and an amended Form B22C, "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income." (Docket No. 30).

In the amended Schedule I, Debtor indicates that she receives $1,319 per month as a Veterans' Administration disability payment. In amended Form B22C, Debtor excludes the payment from calculation of monthly disposable income under Section 1325(b)(2) of the Bankruptcy Code.

In amended Form B22C, Debtor indicates that, in addition to the secured claims for the 2005 Dodge Ram and the 2007 Chevy Silverado, she additionally pays $408 per month, secured by a 2006 Harley Davidson motorcycle.

Debtor's amended Form B22C indicates that Debtor's projected disposable income is a negative number, -402.13.

In the amended Schedule J, Debtor indicates that she expends $370 per month in repayment of a student loan.  Great Lakes Higher Education Guarantee Corp. has filed a proof of claim, asserting an unsecured claim in the amount of $24,733.66.  (Trustee Exhibit 7).  Debtor presented no evidence on the question of whether the payment of the student loan outside the plan is reasonably necessary to the support of the Debtor or the Debtor's dependents.

Debtor testified that she lives with a roommate, who has been her dependent for five years.  She testified that her roommate drives the 2005 Dodge Ram.  She testified that she drives the 2006 Harley Davidson motorcycle to and from work, in order to reduce her expenditures on gasoline, and drives the 2007 Chevy Silverado in inclement weather or to carry large items.  Debtor testified that she paid $3.30 per gallon for gasoline immediately prior to the confirmation hearing on the instant plan.

In the instant motion to dismiss, the Chapter 13 Trustee seeks dismissal based on defects in the plan, and failure of Debtor to provide to Trustee copies of tax returns.  Trustee presented no evidence with respect to the question of whether Debtor has provided copies of tax returns.

<u>Conclusions of Law</u>

Section 1325(b)(1)(B) of the Bankruptcy Code provides:

> If the trustee or holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-
>
> * * *
>
> > (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1)(B).

Section 1325(b)(2) of the Bankruptcy Code provides in pertinent part:

> For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependant child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended-
>
> > (A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and
> >
> > (ii) for charitable contributions ... in an amount not to exceed 15 percent of gross income of the debtor for the year in which the contributions are made.

11 U.S.C. § 1325(b)(2).

Form B22C provides a presumptive definition of "projected disposable income," within the meaning of Section

4

1325(b)(1)(B) of the Bankruptcy Code.  The presumption may be rebutted.  <u>In re Knippers</u>, 2007 WL 1239297 (Bankr. S.D. Tex. 2007).

Veterans' Association disability benefits to be received by a debtor must be included in the determination of "projected disposable income."  <u>In re Waters</u>, 2008 WL 216312 (Bankr. N.D. W.Va. 2008).

The question of what expenditures are reasonably necessary for the maintenance and support of the debtor and the debtor's dependents depends on the facts of the case.  <u>In re Killough</u>, 900 F.2d 61 (5th Cir. 1990).

In the instant case, if Debtor's VA benefits are included in projected disposable income, then the plan's inclusion of $479.15 for payment of unsecured claims does not provide that all of Debtor's projected disposable income to be received in the applicable commitment period will be applied to make payments to unsecured creditors under the plan.

In the instant case, the court determines that the expense of owning and maintaining three vehicles for the use of the debtor and her roommate is not necessary.  Although the price of gasoline is high, the evidence does not support the conclusion that the financial interest of either Debtor or the creditors is served by the additional expense.  The testimony before the court is that Debtor's roommate is not employed and needs a vehicle

between one and three times per week.

With respect to Debtor's student loan, Section 1322(a)(3) provides that the plan shall, "if the plan classifies claims, provide the same treatment for each claim within a particular class."  Section 1322(b)(1) provides in pertinent part that the plan "may not discriminate unfairly against any class" of unsecured claims.  In the instant case, Debtor has not designated in a separate class the unsecured claim of Great Lakes Higher Education Guarantee Corp.  Rather, Debtor proposes to pay additional funds outside the plan to Great Lakes Higher Education Guarantee Corp.  The question of whether Debtor may make such payments is a question of whether the funds which Debtor intends to use to make such payments are to be included in Debtor's projected disposable income, which must be applied to make payments to unsecured creditors under the plan.  Thus, the question is whether such expenditures are reasonably necessary to the support of the Debtor or the Debtor's dependents.

Debtor presented no evidence with respect to the question of whether the payment of the student loan outside the plan is reasonably necessary to the support of the Debtor or the Debtor's dependents.

The court concludes that Debtor's plan does not provide that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the

date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan. The court concludes that confirmation should be denied, without prejudice to the filing of an amended plan.

As to the motion to dismiss filed by the Chapter 13 Trustee, Trustee presented no evidence with respect to the question of whether Debtor has provided copies of tax returns. The remainder of the issues raised in the motion relate to defects in the plan. Debtor's counsel argued that he was unaware of the need to include the VA benefits in the calculation of projected disposable income, and requested that the court allow Debtor an opportunity to amend the plan. The court concludes that Debtor should be permitted to amend the plan. The court concludes that the Trustee's motion to dismiss should be denied, without prejudice to the filing of a subsequent motion to dismiss.

Based on the foregoing, a separate Judgment will be entered denying without prejudice both confirmation of the plan and Trustee's motion to dismiss.

Signed at Houston, Texas on April 14, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE